Dear Mr. Long:
You have requested an opinion of the Attorney General regarding the method of removal of members of the Zoning Commission (Commission) of the City of Donaldsonville (City).
The City operates under a Home Rule Charter which was adopted pursuant to an election held on November 2, 1976. You have attached a copy of the City's Code of Ordinances which contains the Charter and the general ordinances of the City. Section 13-1 creates the Commission and provides as follows:
" § 13-1. Zoning commission
 (a) There is hereby created a zoning commission for the city, which shall be composed of five (5) members.
 (b) The function of the zoning commission shall be to recommend the boundaries of the various districts as well as the restrictions and regulations to be enforced therein, and any supplements, changes, or modifications thereof; to hold all public hearings as are necessary and proper and in requirements of law; and to make a report on its findings and recommendations to the council.
 (c) The qualifications for the members of the commission shall be that the member be a qualified elector of the city."
As can be seen from the above, there are no provisions pertaining to the removal of members of the Commission.
Section 6-09 empowers the governing authority of the City to appoint members to boards and commissions, and provides, in pertinent part, the following:
" § 6-09. Boards and commissions
 (A) The counsel may appoint boards and commissions to advise it regarding the operations of city services or other activity or other activities . . . .
 (B) A member of an advisory board or commission shall receive no compensation or service and shall serve at the pleasure of the council." [Emphasis added.]
As can be gleaned from the above ordinance, the members of the Commission serve at the pleasure of the City Council.
A review of the Louisiana Revised Statutes of 1950 as amended, reveals no law providing for the method of removal of members of a municipal zoning commission. We are aware of R.S. 33:103(B) which provides for the composition of municipal planning commissions. The members are appointed by the chief executive of the municipality, who may also remove any member of the commission, after public hearing, for inefficiency, neglect of duty or malfeasance in office. However, the provision applies to planning commissions rather than zoning commissions.
Assuming, arguendo, that Section 103(B) applies to municipal zoning commissions, it would not be germane to the City which is governed by a Home Rule Charter. In this regard, R.S. 33:103(F) provides, in pertinent part, the following:
 "F. Where a parish or municipality has adopted a charter for local self-government or other home rule charter and such charter provides for the establishment of a planning commission or otherwise provides for the functions of a planning commission to be performed by the governing authority or other board or commission, the provisions of this Subpart concerning membership, appointment, organization, and structure shall not be applicable." [Emphasis added.]
Accordingly, it is the opinion of this office that, under the City's Home Rule Charter, members of the City's Zoning Commission serve at the pleasure of the City Council, and are subject to removal thereby.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/RobIII/cla
Date Received: Date Released:
Robert E. Harroun, III Assistant Attorney General